

733 10th Street NW  
Suite 400  
Washington, D.C. 20001

202.970.3000  
Fenwick.com

Brian D. Buckley  
bbuckley@fenwick.com | 206.389.4515

July 28, 2023

**Filed Electronically VIA ECF**

Molly C. Dwyer, Clerk of the Court  
Office of the Clerk  
U.S. Court of Appeals for the Ninth Circuit  
P.O. Box. 193939  
San Francisco, CA  94119-3939

     Re:    <u>*Fli-Lo Falcon, LLC, et al v. AMZN, et al*, Case No. 22-35818</u>

    Pursuant to Fed. R. App. P. 28(j), Amazon provides notice of *Amos v. Amazon Logistics, Inc.*, No. 22-1748, --- F.4th ---, 2023 WL 4713756 (4th Cir. July 25, 2023), attached as **Exhibit A**.  *Amos* addresses one of the secondary legal issues in this appeal, *i.e.*, whether the exemption for "contracts of employment" of transportation workers in Section 1 of the Federal Arbitration Act (FAA) applies to Amazon Delivery Service Partners (DSPs) such as Appellants.

    The *Amos* court held that the FAA exemption "clearly" does not apply to DSPs for three reasons.  <u>First</u>, the service agreement between Amazon and DSPs—the same agreement at issue in this case—is not a "contract of employment."  2023 WL 4713756 at *3.  <u>Second</u>, DSPs are not among the class of workers exempted by the FAA, because "seamen" and "railroad employees" are "natural persons" and "*individual* workers," not "corporate entities."  *Id.* at *4.  <u>Third</u>, the FAA exemption "applies to contracts entered into *with* transportation workers," while the DSP agreement is between Amazon and the DSP, "a major North Carolina employer in and of itself, with several hundred delivery drivers on its payroll."  *Id.*

    Appellants make precisely the same arguments that the Fourth Circuit rejected.  They argue that (1) the DSP agreement is a "contract of employment" (Appellants' Op. Br. at 25-29), (2) DSPs qualify as transportation workers because their *employees* allegedly perform transportation work (*id.* at 24-25), and (3) the DSP agreement is not a "commercial agreement between business entities" (*id.* at 32-35).  As the *Amos* court found, those arguments fail.  The DSP agreement is a commercial services agreement between two business entities, not an employment contract; "it does not promise work and compensation to an individual employee, and it contains none of the hallmarks of a traditional employment contract, such as provisions

July 28, 2023
Page 2

regarding salary, benefits, and leave time." *Amos*, 2023 WL 4713756 at *3. And DSPs are not "workers" covered by FAA Section 1; they are corporate entities and "not 'similar in nature' to the actual human workers enumerated by the text of the 'transportation worker' exemption." *Id*. at *4.

        Respectfully,

        FENWICK & WEST LLP

        */s/ Brian D. Buckley*

        Brian D. Buckley

cc: All Counsel of Record

# Exhibit A

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1748

AHAJI AMOS; KIRK AMOS DELIVERY AND COURIER, LLC,

        Plaintiffs – Appellants,

v.

AMAZON LOGISTICS, INC.,

        Defendant – Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:22-cv-00055-CCE-JEP)

Argued: May 3, 2023                                    Decided: July 25, 2023

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

Affirmed by published opinion. Judge King wrote the opinion, in which Judge Niemeyer and Judge Harris joined.

**ARGUED:** Jesse Huntsman Rigsby, IV, THE BANKS LAW FIRM, P.A., Research Triangle Park, North Carolina, for Appellants. Diana Siri Breaux, SUMMIT LAW GROUP, PLLC, Seattle, Washington, for Appellee. **ON BRIEF:** Danielle B. Wilson, THE BANKS LAW FIRM, P.A., Research Triangle Park, North Carolina, for Appellants. Christopher Terry Graebe, MORNINGSTAR LAW GROUP, Raleigh, North Carolina; Philip Spear McCune, Selby Phillips Brown, Hathaway C. Burden, SUMMIT LAW GROUP, PLLC, Seattle, Washington, for Appellee.

KING, Circuit Judge:

In this appeal from the Middle District of North Carolina, plaintiffs Ahaji Amos and Kirk Amos Delivery and Courier, LLC ("Kirk Delivery") challenge an order of the district court compelling the arbitration of various claims that the plaintiffs seek to pursue against Amazon Logistics, Inc. ("Amazon"). *See Amos v. Amazon Logistics, Inc.*, No. 1:22-cv-00055 (M.D.N.C. June 16, 2022), ECF No. 25 (the "Arbitration Order"). Conceding that each of their claims against Amazon falls within the scope of a binding commercial contract made between Kirk Delivery and Amazon in 2019 — and that an arbitration clause governed by the Federal Arbitration Act (the "FAA") is set forth within that contract — the plaintiffs contend, in relevant part, that arbitration is not required due to the FAA's exemption for "contracts of employment" with "transportation workers." *See* 9 U.S.C. § 1.

For several reasons, however — chief among them being that the binding commercial contract is a business services deal struck between two corporate entities, not a "contract of employment" — the FAA's so-called "transportation worker" exemption is inapplicable in these circumstances. The FAA thus mandates arbitration of all the plaintiffs' claims, leaving us constrained to affirm the district court's Arbitration Order.

I.

In order to efficiently make deliveries to its scores of online retail customers, Amazon contracts with local, independently owned package delivery businesses that it

2

refers to as its "Delivery Service Partners." *See* J.A. 161.[1]  Kirk Delivery was one such "Partner" between 2019 and 2021, delivering packages to Amazon customers in and around Durham, North Carolina, pursuant to the terms of a "Delivery Service Partner Program Agreement" that Kirk Delivery entered into with Amazon in May 2019 (hereinafter the "Agreement").  *Id.*  For the duration of its relationship with Amazon, Kirk Delivery serviced its Durham delivery routes with a fleet of Amazon-branded vehicles and approximately 450 drivers that it directly employed, all under the guidance of its owner and operator, plaintiff Amos.  Importantly, Amos herself is not a named party to the Agreement between her business — Kirk Delivery — and Amazon.

Amazon terminated Kirk Delivery's status as a "Delivery Service Partner" in April 2021, alleging material breaches of the Agreement's terms by Kirk Delivery.  In response, Amos and Kirk Delivery jointly sued Amazon in the Middle District of North Carolina in January 2022, raising numerous tort, contract, and employment claims under both state and federal law.  Throughout this litigation, the parties have together acknowledged that all of Amos and Kirk Delivery's claims for relief arise from — and relate directly to — the business relationship between Kirk Delivery and Amazon, which was governed exclusively by the Agreement.  With that being so, Amazon moved in the district court to dismiss the plaintiffs' claims and to compel their arbitration, relying on the Agreement's arbitration clause.  The arbitration clause provides, *in haec verba*, that

---

[1] Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties to this appeal.

3

> This Agreement is governed by the United States Federal Arbitration Act, applicable United States federal law, and Washington state law, without reference to any applicable conflict of laws rules. ANY DISPUTE ARISING OUT OF THIS AGREEMENT WILL BE RESOLVED BY BINDING ARBITRATION, RATHER THAN IN COURT.

*See* J.A. 165.[2]

Amazon specifically sought to compel arbitration pursuant to the FAA or, in the alternative, the State of Washington's Uniform Arbitration Act (the "WUAA"), given the Agreement's invocation of Washington state law. Amos and Kirk Delivery objected to arbitration, asserting in pertinent part that plaintiff Amos — a lawyer — was herself a "transportation worker" within the meaning of the FAA and was also Amazon's "employee" under state law, such that exemptions to both the FAA and the WUAA served to void the Agreement's arbitration clause.

By its Arbitration Order of June 2022, the district court granted Amazon's motion to dismiss and to compel arbitration. The court first resolved — with little trouble — that, by their terms, both the FAA and the WUAA applied to the parties' binding Agreement by virtue of the written arbitration clause contained therein. The court's Arbitration Order explained that it was "undisputed that the [Agreement] covers the dispute at hand," such that, absent an applicable statutory exemption, the FAA and the WUAA would each require arbitration of Amos and Kirk Delivery's claims. *See* Arbitration Order 5. And the court

---

[2] As Amazon explained in its motion to dismiss, arbitration clauses are enforced in court by way of Federal Rule of Civil Procedure 12(b)(3) motions to dismiss for improper venue. In considering such motions, courts may examine evidence outside the pleadings — including, as relevant here, the contract containing the applicable arbitration clause. *See Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365 (4th Cir. 2012).

4

in turn ruled that the only relevant exemption to the WUAA — which provides that the statute "does not generally apply to arbitration agreements between employers and employees" — was inapplicable. *Id.* at 6. The Arbitration Order specifically concluded that, even assuming Amos's status as Amazon's "employee," the WUAA permits employers and employees to waive the exemption — and "Ms. Amos, Kirk [Delivery], and Amazon explicitly agreed to arbitrate their disputes." *Id.* at 7.[3]

Having decided that the WUAA independently required arbitration of Amos and Kirk Delivery's claims, the district court opted not to reach the question of whether the FAA's "transportation worker" exemption applied to the Agreement. The Arbitration Order concluded that "the agreement to arbitrate is enforceable under applicable state law," dismissed the plaintiffs' claims without prejudice, and directed the claims to arbitration. *See* Arbitration Order 10. Amos and Kirk Delivery timely noticed this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(3).

II.

A.

On appeal, Amos and Kirk Delivery request that we reverse the Arbitration Order and allow their claims to be litigated on the merits in the district court. We review de novo a court order granting a motion to compel arbitration. *See Galloway v. Santander*

---

[3] In concluding that the WUAA's employer-employee exemption does not apply, the district court did not rely on the fact that Amos is not a party to the Agreement, which makes her claimed "employee" status irrelevant.

5

*Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016). In support of their challenge to the Arbitration Order, Amos and Kirk Delivery contend — as they did in the proceedings below — that plaintiff Amos was herself a "transportation worker" during Kirk Delivery's tenure as a "Delivery Service Partner" (such that the FAA's "transportation worker" exemption renders the Agreement's arbitration clause unenforceable) and that she was similarly Amazon's "employee" (such that the WUAA's "employer-employee" exemption has the same effect). In short, the plaintiffs maintain that, regardless of whether the relevant federal or state statute is applied, the arbitration clause now before us is a nullity.[4]

The parties agree that the FAA applies to the Agreement, and that the plaintiffs' claims arise out of the Agreement. Because the FAA's "transportation worker" exemption clearly does not apply in these circumstances, we will affirm the Arbitration Order, but do

---

[4] Amos and Kirk Delivery also contend on appeal, as they did in the district court, that the Agreement — and, by extension, the arbitration clause therein — is "unenforceable as illusory and unconscionable." *See* Br. of Appellants 43. In other words, according to the plaintiffs, basic contract principles provide a separate reason to block the arbitration of their claims against Amazon.

The district court, for its part, concluded that the arbitration clause was not "illusory," rejecting the plaintiffs' arguments about Amazon's unilateral ability to modify certain portions of the Agreement. The court did not reach the plaintiffs' "unconscionability" assertion, explaining that, in the context of a motion to compel arbitration, contract-validity contentions going to the contract as a whole must be deferred for consideration during arbitration by the arbitrator — only challenges "made explicitly to the arbitration provision" may be considered by the court. *See* Arbitration Order 8. For present purposes, we are satisfied that both of the plaintiffs' contract defenses relate to the Agreement as a whole — their position is that the Agreement itself "fail[ed] at the contract formation stage as illusory and unconscionable," and that the arbitration clause is therefore unenforceable by association. *See* Br. of Appellants 43. That is precisely the sort of argument that, as the district court rightly explained, must be deferred for arbitration. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006).

6

so on the alternative ground of the FAA mandating arbitration. Accordingly, we decline to entangle ourselves in questions of Washington state law, and will not today resolve whether Amos was Amazon's "employee" or whether the WUAA also requires arbitration of the plaintiffs' various claims.

B.

The FAA provides that any "written provision" in a contract requiring the parties thereto "to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable." *See* 9 U.S.C. § 2. A litigant seeking to compel claims to arbitration under the FAA is obliged to establish that (1) a dispute exists between the parties; (2) the dispute falls within the scope of a written, valid agreement that includes an arbitration provision; (3) the parties' agreement relates to interstate or foreign commerce; and (4) the opposing party has failed or refused to arbitrate the dispute at hand. *See Adkins v. Lab. Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002). Here, the Arbitration Order concluded — and, again, the parties do not dispute — that the FAA applies to the Agreement between Kirk Delivery and Amazon by operation of the Agreement's arbitration clause. Accordingly, arbitration of the plaintiffs' claims arising out of the Agreement is mandatory unless a statutory carve-out exists and applies.

The FAA's "transportation worker" exemption specifies that the statute's arbitration mandate does not apply to "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." *See* 9 U.S.C. § 1. Thus, for claims arising within the scope of a contract that contains an otherwise valid arbitration clause to be heard in court, the contract in question must be both a "contract of

7

employment" and one entered into with a "worker" of the type described in 9 U.S.C. § 1. Importantly, the Supreme Court has emphasized that the "transportation worker" exemption must be given a "narrow construction." *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 118 (2001). And the exemption is inapplicable here for at least three sound reasons.

1.

*First* and foremost, the Agreement at hand simply is not a "contract of employment" — it does not promise work and compensation to an individual employee, and it contains none of the hallmarks of a traditional employment contract, such as provisions regarding salary, benefits, and leave time. The Agreement provides instead for certain business services to be provided by one business to another, and both parties to the Agreement are themselves sizable employers. In its 2019 decision in *New Prime Inc. v. Oliveira*, the Supreme Court explained that the "transportation worker" exemption's use of the phrase "contracts of employment" is intended to "capture any contract for the performance of *work* by *workers*." *See* 139 S. Ct. 532, 540 (2019). Doubtlessly, that would include the employment agreements between Kirk Delivery and its roughly 450 delivery drivers, i.e., *workers* performing *work* — but not the Agreement between Kirk Delivery and Amazon, which calls for "transportation, delivery, and related services [to be] performed by the business entity [Kirk Delivery]." *See* J.A. 161. When other courts have been asked to extend the reach of the "transportation worker" exemption to contracts between business entities, they have uniformly declined to do so. *See, e.g.*, *ShaZor Logistics, LLC v. Amazon.com, LLC*, 628 F. Supp. 3d 708 (E.D. Mich. 2022); *R&C Oilfield Servs., LLC v.*

8

*Am. Wind Transp. Grp., LLC*, 447 F. Supp. 3d 339 (W.D. Pa. 2020). We so no reason to question or differ from those decisions. And so for this reason alone, the "transportation worker" exemption has no effect on the validity of the Agreement's arbitration clause.

2.

*Second*, even if the Agreement could be characterized as a "contract of employment," Kirk Delivery is not among the "class of workers" eligible to seek the shelter of the "transportation worker" exemption. *See* 9 U.S.C. § 1. By its terms, the exemption covers employment contracts made by "*seamen*, *railroad employees*, or *any other class of workers* engaged in foreign or interstate commerce." *Id.* (emphasis added). In its 2001 *Circuit City* decision, the Supreme Court resolved that "[t]he wording of [the exemption] calls for the application of the maxim *ejusdem generis*, the statutory canon that '[w]here general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." *See* 532 U.S. at 114-15. The Court went on to explain that the exemption's "residual clause" ("any other class of workers") "should itself be controlled and defined by reference to the enumerated categories of workers which are recited just before it" — that is, "seamen" and "railroad employees." *Id.* at 115. Seamen and railroad employees, of course, are natural persons — *individual* workers carrying out work. Sizable corporate entities are not "similar in nature" to the actual human workers enumerated by the text of the "transportation worker" exemption, and so the arbitration clause at issue here is once again unaffected by the exemption.

9

3.

*Third* and finally, plaintiff Amos is not a party to the Agreement — and so her central arguments that she was a "transportation worker" and had a "contract of employment" with Amazon fall completely flat. Amos has devoted the bulk of her briefing and argument to explaining why she qualified as Amazon's "employee," and how the nature of her work with Kirk Delivery rendered her a "transportation worker" within the meaning of the FAA — and there may well be room for debate as to whether she can rightly claim those labels. But Amos's status matters not when the claimed FAA exemption applies to contracts entered into *with* transportation workers, and the Agreement here is between Kirk Delivery on the one hand, and Amazon on the other. Amos recites the facts of the case as though she entered into the Agreement with Amazon in her individual capacity, but Kirk Delivery was not some legal fiction existing only to shield Amazon from unwanted liabilities — it was not a "nominal party" or "mere window dressing" that could be swept aside. *See* Reply Br. of Appellants 4. Kirk Delivery was a major North Carolina employer in and of itself, with several hundred delivery drivers on its payroll. Put simply, it is the party that contracted with Amazon, not Amos. Amos's alleged status as a "transportation worker" is thus immaterial in assessing whether the FAA exemption can apply here.

\* \* \*

For these reasons, we are satisfied that the FAA applies to the Agreement, and that the FAA's "transportation worker" exemption does not apply. As a result, the claims pursued by Amos and Kirk Delivery against Amazon must be submitted to arbitration. We

therefore affirm the judgment of the district court on that basis, and decline to consider the effects, if any, of the WUAA.

III.

Pursuant to the foregoing, we reject each of Amos and Kirk Delivery's appellate contentions and affirm the Arbitration Order.

*AFFIRMED*

11